**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

ANGKAMI SHERPA,

Petitioner,

v.

ERIC H. HOLDER, Jr., Attorney General,

Respondent.

No. 08-73956

Agency No. A098-505-260

MEMORANDUM[*]

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted May 24, 2011[**]

Before:    PREGERSON, THOMAS, and PAEZ, Circuit Judges.

Angkami Sherpa, a native and citizen of Nepal, petitions for review of the

Board of Immigration Appeals' order dismissing his appeal from an immigration

judge's ("IJ") decision denying his application for asylum, withholding of removal,

and relief under the Convention Against Torture ("CAT").  We have jurisdiction

_____

[*]    This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

[**]    The panel unanimously concludes this case is suitable for decision
without oral argument.  *See* Fed. R. App. P. 34(a)(2).

under 8 U.S.C. § 1252. We review for substantial evidence, *Zehatye v. Gonzales*, 453 F.3d 1182, 1184-85 (9th Cir. 2006), and deny the petition for review.

The record does not compel the conclusion that the Maoists' unfulfilled threats against Sherpa and his family rise to the level of persecution. *See Lim v. INS*, 224 F.3d 929, 936-37 (9th Cir. 2000); *Hoxha v. Ashcroft*, 319 F.3d 1179, 1182 (9th Cir. 2003). In addition, substantial evidence supports the IJ's finding that Sherpa failed to demonstrate a well-founded fear of future persecution in light of changed country conditions in Nepal. *See Molina-Estrada v. INS*, 293 F.3d 1089, 1095-96 (9th Cir. 2002); *see also Tamang v. Holder*, 598 F.3d 1083, 1093-95 (9th Cir. 2010). Accordingly, Sherpa's asylum claim fails.

Because Sherpa failed to establish eligibility for asylum, he necessarily failed to meet the higher standard of eligibility for withholding of removal. *See Zehatye*, 453 F.3d at 1190.

Finally, substantial evidence supports the agency's finding that Sherpa failed to establish it is more likely than not he will be tortured if returned to Nepal. *See Tamang*, 598 F.3d at 1095. Accordingly, his CAT claim fails.

**PETITION FOR REVIEW DENIED.**

08-73956